IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DERRIC BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-531-MHT-SMD |
| ) | |
| LOWE'S HOME CENTERS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

In March 2021, Defendants Lowe's Home Centers, LLC, Jesse Putnam, and Alexander Santos moved for summary judgment on pro se Plaintiff Derric Brown's ("Brown") claims. *Defs.' Summ. J. Mot.* (Doc. 70) p. 1. The undersigned ordered Brown to show cause why the motion should not be granted by April 12, 2021. *Order & Notice* (Doc. 72) p. 1.[1] On April 1, 2021, Brown moved for an extension of time to file his response in opposition. *Pl.'s Mot.* (Doc. 74) p. 1. The undersigned granted the motion and ordered Brown to file his response on or before April 29, 2021. *Order* (Doc. 75) p. 1.

Brown, however, failed to file his response by that date. Accordingly, the undersigned ordered Brown to show cause, on or before May 21, 2021, as to why this case should not be dismissed for failure to prosecute. *Order* (Doc. 76) p. 2. The undersigned cautioned Brown that noncompliance would result in a recommendation that this case be

---

[1] In doing so, the undersigned notified Brown that, in opposing a summary judgment motion, he "cannot rely on his unsworn pleadings"; instead he must support his opposition with "sworn affidavits, declarations, depositions, or other evidentiary materials to demonstrate that there is a genuine dispute as to a material fact for trial in this case." *Order & Notice* (Doc. 72) p. 2. *See generally Griffin v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).

dismissed. *Id.* Brown was served with a copy of the show cause order on May 10, 2021. *Return Receipt Card* (Doc. 77) p. 1. To date, however, Brown has not responded to Defendants' motion for summary judgment or the undersigned's show cause order.

Under Federal Rule of Civil Procedure 41, a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. FED. R. CIV. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

Additionally, federal courts routinely dismiss cases for failure to prosecute where a pro se plaintiff fails to respond to a summary judgment motion and/or a show cause order. *See, e.g., Cook v. Jones*, 2021 WL 134412, at *1 (S.D. Fla. Jan. 14, 2021); *Tolbert v. Johnson*, 2020 WL 1441398, at *3 (S.D. Ga. Mar. 18, 2020), *report and recommendation adopted*, 2020 WL 1876222 (S.D. Ga. Apr. 15, 2020); *Norman v. Harris*, 2020 WL 4497815, at *2 (S.D. Ga. July 6, 2020), *report and recommendation adopted*, 2020 WL 4493123 (S.D. Ga. Aug. 4, 2020); *Dove v. Grantier*, 2015 WL 5602458, at *2 (S.D. Ga. Sept. 22, 2015); *Mahon v. White*, 2013 WL 3513045, at *1 (S.D. Ala. July 11, 2013). *Cf. Pierce v. City of Miami*, 176 F. App'x 12, 14 (11th Cir. 2006) (reversing a dismissal for failure to prosecute where the pro se plaintiff had not responded to a motion for summary judgment but had "responded to the order to show cause one day after the time period expired, and explained that he had not received the order until then").

In this case, the undersigned finds that Brown has willfully failed to respond to Defendants' motion for summary judgment and the undersigned's show cause order. And considering Brown's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice. Accordingly, the undersigned RECOMMENDS that this case be DISMISSED under Federal Rule of Civil Procedure 41(b) and that all pending motions be DENIED as moot.[2]

It is ORDERED that the parties shall file any objections to this Recommendation on or before **July 12, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[2] The two pending motions before the Court are Brown's motion for summary judgment (Doc. 40) and Defendants' motion for summary judgment (Doc. 70).

DONE this 28th day of June, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

4